THE GALLOWAY TOWNSHIP BOARD OF EDUCATION, AT-
LANTIC COUNTY, A CORPORATE AND GOVERNMENTAL
AGENCY OF THE STATE OF NEW JERSEY, PLAINTIFF,
v. THE GALLOWAY TOWNSHIP EDUCATION ASSOCIA-
TION, AN UNINCORPORATED ASSOCIATION OF THE
STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 19, 1975.

270

*Mr. Martin R. Pachman* for plaintiff (*Messrs. Murray and Pachman,* attorneys).

*Mr. Edward J. Turnbach* for defendant (*Messrs. Starkey, Turnbach, White and Kelly,* attorneys).

FRANCIS, J. S. C. This matter was brought before the court by Galloway Township Board of Education (board) by application for a temporary restraining order and an order to show cause on May 23, 1975. A temporary injunction was issued enjoining the parties from arbitrating a dispute over the institution of a sign in-sign out procedure.

The Galloway Township Education Association (association) made application for a modification of this injunction in order to permit the arbitration hearing scheduled for May 27 to proceed. The court permitted such modification with the proviso that the arbitrator's decision would be held in abeyance pending final hearing. The arbitration was not held on May 27, and final hearing was held on June 6, 1975. At that hearing the association moved to dismiss the complaint.

This dispute arose when the board instituted a sign in-sign out procedure at the Arthur Rann School upon the teachers return from their Christmas recess in January 1975. The Arthur Rann School is on split session, with the lunch period being the dividing period. The morning teachers are required to return after lunch to sign out, while the afternoon teachers are required to appear before lunch to sign in. Neither group of teachers is required to remain on the school grounds during lunch. This sign in-sign out procedure has not changed the working hours of the teachers since all the teachers have previously been required to be present before and after lunch. The Arthur Rann School is the largest school in the Galloway Township system and presently is the only school on split session. The board maintains that the sign in-sign out procedure enables management to ensure that the teachers are appearing at the school at the required times. As such, the board maintains

that this is a proper administrative decision that does not affect any terms and conditions of employment.

The association alleges that this procedure does affect the terms and conditions of their employment and therefore must be negotiated before implementation under *N. J. S. A.* 34:13A–5.3. The teachers further allege that the implementation of this sign in-sign out procedure is a harassing tactic by the board to get the teachers to buckle under at the bargaining table where the 1975-76 contract is being negotiated. In this regard the teachers point out that the majority of the association's negotiators work at the Arthur Rann School. While those negotiations are presently at an impasse, it is not clear that the negotiators reached this impasse before the sign in-sign out procedure was implemented. In further support of their claim of harassment the teachers allege that other schools in the township system have had split sessions without a sign in-sign out procedure.

Finally, the teachers contend that it would be inequitable to enjoin arbitration at this stage of the proceedings. The board participated in all the grievance procedure steps and the selection of the arbitrator. The teachers feel that through their conduct the board has waived any right to seek court interference in the arbitration proceeding.

██ ██ Standing alone, this sign in-sign out procedure is not a term and condition of employment and therefore is not a subject for arbitration. *Dunellen Bd. of Ed. v. Dunellen Education Ass'n,* 64 *N. J.* 17 (1963) controls the present case. This procedure is a reasonable method available to management to check upon its employees. Management responsibilities are the concern of the local and state boards and not subject to negotiation. *N. J. S. A.* 18A:11–1.

██ ██ The suggestion is made that this sign in-sign out procedure was implemented to have a coercive effect upon the teachers in the ongoing contractual negotiations. The board argues that *N. J. S. A.* 34:13A–5.4 does not apply to the

instant case since it was not effective when this cause of action arose. However, under *N. J. S. A.* 34:13A–5.3 the board has the obligation to negotiate in good faith with respect to the contractual negotiations for the 1975-76 school year. If the board is harassing the associations' negotiators in an attempt to make them buckle under at the negotiating table, the board would be in violation of *N. J. S. A.* 34:13A–5.3. However, the facts presented by the association do not support this allegation of harassment.

■ The association's claim that the board has waived any objection to arbitration is without merit.

Finally, the court would point out to the parties the last sentence of the *Dunellen* opinion, *supra*:

It would seem evident that, when dealing in fields with which the teachers are significantly concerned though outside the fields of mandatory negotiation, the end of peaceful labor relations will generally be furthered by some measure of timely voluntary discussion between the school administration and the representatives of its teachers even though the ultimate decisions are to be made by the Board in the exercise of its exclusive educational prerogatives. [at 32]

■ The association's motion to dismiss is denied. A permanent injunction against arbitration of the sign in-sign out procedure will be entered.